IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LHF PRODUCTIONS, INC., | ) | |
|     Plaintiff, | ) | Case No.: 16-cv-8413 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| MARIE PORTIS, | ) | |
|     Defendant. | ) | |

**MOTION TO DISMISS**

    Defendant Marie Portis ("Defendant"), by and through her undersigned attorneys, files this Motion to Dismiss the First Amended Complaint of Plaintiff LHF Productions, Inc., ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 12(b)(c), and in support of her motion, states as follows:

**STATEMENT OF FACTS**

    The Plaintiff filed this lawsuit against twenty-eight (28) unknown John Doe internet account holders on August 29, 2016, alleging they each infringed the Plaintiff's copyright. [ Doc. 1] On September 21, 2016, the Plaintiff asked the Court for permission to subpoena the Internet Service Provider ("ISP") for the identities of the twenty-eight account holders, which this Court granted. [Doc. 9, 10]. Based solely on the ISP's identification of the Defendant as the account holder for IP address 98.226.184.120 on May 4, 2016, the Plaintiff amended the Complaint to name the Defendant and served her with a Summons. [Doc. 31]. The Defendant now files this Motion to Dismiss.

1

**LEGAL STANDARD FOR MOTION TO DISMISS**

A motion to dismiss filed under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, Ill., 483 F.3d 454, 457 (7th Cir. 2007). The court will accept "as true all well-pleaded facts alleged, and drawing all possible inferences" in the plaintiff's favor. *Tamayo v. Blagoj*evich, 526 F.3d 1074, 1081 (7th Cir., 2008). A complaint, however, must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* In this case, the Plaintiff fails to allege any facts that the Defendant plausibly committed copyright infringement. Instead, Plaintiff only recites legal conclusions and facts that even when accepted as true, only allege *the mere possibility* that the Defendant is guilty of copyright infringement. As the Plaintiff failed to meet the standard elucidated in *Ashcroft*, the Defendant respectfully requests this Court grant her Motion to Dismiss.

**LEGAL ARGUMENT**

<u>**The Complaint Does Not Plead Sufficient Facts to Survive a Fed. R. Civ. Pr. 12(b)(6) Motion to Dismiss**</u>

To prove copyright infringement, the Plaintiff must establish ownership of a valid copyright and that the Defendant violated the copyright owner's exclusive rights under the

2

copyright act. *Feist Publications, Inc v. Rural Telephone Service Company, Inc*, 499 U.S. 340, 361 (1991). Here, the Plaintiff alleges it has a valid copyright but fails to sufficiently plead that the Defendant engaged in copyright infringement. [ Compl. ¶ 14]. The Plaintiff alleges that an unspecified device was connected to the Defendant's IP address and reproduced and distributed "the copyrighted Motion Picture" but fails to plead any facts that show that copyright infringement occurred, that a complete copy of the film was made or that the Defendant herself actually made an unauthorized copy. [ Compl. ¶ 16].

    1. <u>Plaintiff Only Alleges Legal Conclusions Against the Defendant</u>

The Plaintiff states the Defendant "was observed infringing Plaintiff's motion picture using Internet Protocol Address 98.226.184.120." [Compl. ¶ 13] Under the standard elucidated in *Ashcroft,* "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a cause of action. *Ashcroft* at 678. Claiming the Defendant "was observed infringing" its copyright is not a factual allegation, but a legal conclusion.

The Amended Complaint lacks any specifics about the alleged infringement which supposedly took place. The Plaintiff does not state which website, program or device were used to commit the alleged infringement. The Plaintiff also fails to specify the size of the file downloaded, who allegedly "observed" the infringement and whether the swarm the Defendant is accused of joining even contained a complete copy of the film to be downloaded by swarm participants.

Plaintiff further made the general allegations which applied to all twenty-eight original Defendants that "[e]ach Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted Motion Picture in digital form." [Compl.

3

P. 17]. These are conclusory statements, which do not even specify which defendants allegedly took which action. Even after amending the Complaint, the Plaintiff does not specifically state which of those conclusory statements are lodged against the Defendant. Accusing the Defendant of deliberately participating in a BitTorrent swarm does not plead one of the necessary elements of copyright infringement- that an unauthorized copy was made. *Feist,* 499 U.S. at 361.

The Plaintiff's Amended Complaint does not contain "sufficient factual matter" to state a claim for relief. *Ashcroft* at 668. The Amended Complaint contains only "threadbare" assertions and legal conclusions that infringement occurred, which fall below the standard required to survive a Motion to Dismiss. Therefore, Defendant respectfully requests this Court Dismiss the Amended Complaint.

2. <u>Plaintiff Fails to Allege the Defendant Obtained an Unauthorized Copy of the Work</u>

The Amended Complaint fails to allege the Defendant made a complete copy of the Plaintiff's copyrighted work, or even a substantial portion. This glaring omission means the Plaintiff's Complaint misses one of the crucial elements of copyright infringement. *Feist* at 361.

Further, Exhibit B attached to the Amended Complaint does not include allegations sufficient for copyright infringement. Exhibit B fails to show that a complete copy or substantial portion of a complete copy was downloaded. It also fails to identify who, if anyone, was actually watching the BitTorrent swarm to "observe" the alleged infringement. If there was an actual eye witness, the Plaintiff would identify that person in the Complaint and could attach a signed affidavit. Instead, the Plaintiff attached an unverified spreadsheet that purports to show a snapshot of a download associated with an internet account "observed" by a computer program.

Exhibits such as Exhibit B, attached to the Amended Complaint by Plaintiff, fail to show that a complete copy was made. As Loyola Law Professor Matthew Sag explains, the evidence collected by copyright holders in these types of cases typically fail to show evidence that a copy of the work was made:

> "The plaintiffs in the cases we have examined rely on records generated by a black box process. Those records strike us as entirely inadequate, and the limited available evidence suggests the process itself is unreliable…The heart of the problem is that the plaintiffs' technology providers do not appear to actually collect evidence that any individual John Doe has actually copied a substantial portion of any copyrighted work…[E]very time a file is seeded using BitTorrent, it is broken down into pieces. Each piece has a "hash value" identifier, as does the seed file itself. ..The plaintiffs' black box process records some individual packets of data associated with a given IP address, but these packets do not add up to much by themselves. Combined with other packets they may add up to a piece of the copyrighted work at issues, or they may not… The plaintiffs' black box records individual packets along with a timestamp and hash value…In the cases we have been able to examine, the plaintiff's technology provider does not record the entire work being transmitted to or from the John Doe; it does not even record an entire piece of the work… Instead it simply records a few packets of data, which are just tiny fragments of pieces of the work…Several courts rejected this so-called 'snapshot theory' of pleading in BitTorrent cases, because a snapshot does not prove what happened next. If plaintiffs want to allege a copy was made, they should collect evidence that a copy of was, not simply that a small fraction of a copy was made. Moreover, copying a small fraction does not amount to copyright infringement in these circumstances because a small fraction of a piece of the copyrighted work is not sufficiently 'substantially similar' to the original to prove infringement." Matthew Sag, *Defense Against the Dark Arts of Copyright Trolling*, IOWA L. REV., forthcoming (2017) at *20-23 *available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2933200.

Even if taken as true, the Plaintiff's allegations in the Complaint and the snapshot of alleged evidence contained in Exhibit B are not sufficient to establish that the Defendant made a complete copy of the Plaintiff's copyrighted work, or even a substantial portion. Therefore, the Defendant respectfully requests this Court dismiss the Amended Complaint.

3. <u>Plaintiff does not have any evidence showing Defendant committed copyright infringement</u>

The Plaintiff's claim for copyright infringement also fails because it does not adequately plead that the Defendant herself obtained an unauthorized copy of the copyrighted work. *Feist* at 361. Instead, the only connection Plaintiff can establish is that the Defendant was listed as the account holder for IP address 98.226.184.120 on May 4, 2016. The Plaintiff fails to state any facts which specifically tie the Defendant to the alleged infringing conduct on May 4, 2016.

The requested subpoena response only provided the identity of the person whose name was on the account at the time of the alleged download. The actual infringer could be anyone. It is very possible that the infringer was another household member, a neighbor, guest or even a stranger who was able to hack into this Defendant's internet access. The affidavit of Daniel Arheidt submitted in support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference admits that at the outset of the lawsuit the Plaintiff does not know who is actually responsible for the alleged infringement. In his affidavit, Mr. Arheidt states "[w]hile Plaintiff has observed the infringement occurring on the Internet, it does not know the true identities of those individuals who are committing the infringement." [Doc. 9-1, ₽ 9].

This issue has been reviewed previously in Illinois. In *VPR Internationale v. Does 1-1,017,* the court recognized that identifying an account holder is not the same as identifying an infringer. No. 11-02068 (ECF No. 15 at 3-4 ), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). Specifically, the court found:

> "Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment

after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections… Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment. *Id.* At 3-4.

Other jurisdictions have come to similar conclusions on this issue. In a Central District of California case, the court denied a copyright holders request to serve a subpoena onto the defendants' ISP because the copyright holder failed to demonstrate that the subpoena response would identify the infringer. The judge found:

> [T]he subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent. If the subscriber has an unsecured network, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address. Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer.
> It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publicly-accessible internet service; consider coffee shops, workplaces, schools, and even cities. Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location. A given entity may have hundreds or thousands of users in a one to two-month period. Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer. Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendants. *Malibu Media, LLC, v. John Does,* No. 2:12-01642 (ECF No. 32 at 4-5) (C.D. Cal. Oct. 10, 2012) (internal citations omitted).

Plaintiff cannot demonstrate that the subpoena response identified the infringer in the case at hand. Plaintiff did not even identify a specific device, website or program used in the alleged infringement that could be tied to the infringer. The only connection is that the Defendant was listed on the internet account on the date of the alleged infringement.

7

Identifying the individual who pays the internet bill associated with a particular account does not identify the individual who may have infringed a copyright via that IP address. As the court in *SBO Pictures* understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." *SBO Pictures, Inc., v. Does 1-3,036,* 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011)

Judge Hellerstein in the Southern District of New York, noted the lack of connection between a mere IP address and the actor:

> "The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection." *Patrick Collins, Inc. v. Does 1-6,* No. 1:12-cv-02964 (ECF No. 7), 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (internal citations omitted); *see also In re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); *Digital Sin, Inc. v. John Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (finding that approximately **30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films)**. The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations - especially by this plaintiff - are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against. *Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 9-10) (S.D.N.Y. July 6, 2015) (emphasis added) (Hellerstein, J.).

As these types of cases are common nationwide, other courts have concluded as well that an IP address "may not be a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014).

In the Southern District of California, the Honorable Judge Barry Moskowitz expressed the concern that,

8

"[d]ue to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual the touchstone of *Iqbal* and *Twombly*." *AF Holdings LLC v. Rogers,* No. 3:12-cv-01519 (ECF No. 14), 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013)

In the Western District of Washington, the Honorable Judge Robert Lasnik acknowledged:

"While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers." *Elf-Man, LLC v. Cariveau,* No. 2:13-00507 (ECF No. 78), 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014).

Finally, in the Southern District of Florida, the Honorable Judge Ursula Ungaro stated:

"there is nothing linking the IP address location to the identity of the person actually downloading and viewing the copyrighted material and nothing establishing that the person actually lives in this district. Even if this IP address is located within a residence, geolocation software cannot identify who have access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright" *Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101,* No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015).

Moreover, questions exist as to how accurately Plaintiff can identify IP addresses allegedly involved in downloading their copyrighted works using BitTorrent. This is not the first time questions have been raised regarding the accuracy of geolocation arguments put forth by similar copyright holders. As Loyola Law Professor Matthew Sag explains:

"Requiring more than a simple assertion that geolocation technology was used is appropriate in our view because geolocation technology is not always reliable. For example, some geolocation trackers will assign an IP address to a random geographic location within a country if it cannot identify a more specific location. In addition, IP addresses are commonly spoofed or hacked…" Matthew Sag, *Defense Against the Dark Arts of Copyright Trolling*, Iowa L. Rev., forthcoming (2017) at *17 available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2933200.

Since the only connection the Plaintiff makes between the alleged infringement and the Defendant is that the Defendant was listed as the account holder, Plaintiff has alleged only "the

9

mere possibility of misconduct." *Ashcroft* at 679. Plaintiff alleges no material facts which point to the Defendant using the internet to commit alleged copyright infringement as opposed to another household member, guest, neighbor, or other individual outside of Defendant's household. Plaintiff fails to allege facts in which Defendant plausibly acted unlawfully. Alleging a device connected to an IP address for an account paid for by the Defendant committed copyright infringement alleges only the "mere possibility" that Defendant is responsible for the infringing conduct. Nothing contained in the Amended Complaint alleges that Defendant plausibly committed copyright infringement. Plaintiff's allegations clearly fall below the pleading standard set forth in *Ashcroft*. Therefore, the Defendant respectfully requests this Court grant her Motion to Dismiss.

## CONCLUSION

Based on the aforementioned, Defendant respectfully requests that the Court dismiss the Plaintiff's First Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and grant her costs, legal fees and any other relief the court deems just and proper.

By:   /s/ Melissa Brabender

    Melissa Brabender
    Jeffrey J. Antonelli
    Attorneys for Defendant
    Antonelli Law, Ltd.
    35 East Wacker Dr., Ste 1875
    Chicago, IL 60601
    Telephone: (312) 201-8310
    E-Mail: mbrabender@antonelli-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Michael A. Hierl
Hughes Socol PIers Resnick & Dym Ltd
Three First National Plaza
70 West Madison Street
Suite 4000
Chicago, IL 60602
312 580 0100
Email: mhierl@hsplegal.com



                By:    /s/ Melissa Brabender
                    Melissa Brabender
                    Jeffrey J. Antonelli
                    Attorneys for Defendant
                    Antonelli Law, Ltd.
                    35 East Wacker Drive
                    Suite 1875
                    Chicago, IL 60601
                    Telephone: (312) 201-8310
                    E-Mail: mbrabender@antonelli-law.com